

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES COREY MCGEE,<br>    Petitioner,<br>vs.<br>STATE OF NEVADA, et al.,<br>    Respondents. | Case No. 3:13-cv-00082-RCJ-VPC<br><br>**ORDER** |

    Petitioner, who is a prisoner in a California state prison, has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss the action.

    Petitioner alleges that he pleaded guilty to robbery in the Second Judicial District Court of the State of Nevada. He received a sentence of three years in prison, suspended, and four years of probation. The state district court entered its judgment of conviction on April 19, 1988.

    The court appears to lack jurisdiction to consider this petition. Petitioner's sentence expired more than twenty years ago. Petitioner's allegations indicate that the Nevada conviction at issue has been used to enhance a California prison sentence. However, he is no longer in custody pursuant to the Nevada judgment of conviction. Even if the expired Nevada sentence affects the time spent on petitioner's other sentence, the court would lack jurisdiction to consider his challenge. Maleng v. Cook, 490 U.S. 488, 490-92 (1989); 28 U.S.C. §§ 2241(c). One exception to this rule is when the

petitioner is denied the representation of counsel. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 404-05 (2001). However, petitioner alleges at page 2 of the petition that he was represented by counsel. Another possible exception is when "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." Id. at 406. However, nothing in the petition indicates that petitioner was unable to pursue his claims in state court after then 1988 conviction. Petitioner will need to show cause why the court should not dismiss this action for lack of jurisdiction.

This action also appears to be untimely. Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b). If the date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section

2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Petitioner's judgment of conviction was entered on April 19, 1988, and it became final thirty days later. The one-year period of limitation started on April 25, 1996, because the judgment became final before the enactment of § 2244(d)(1). According to documents attached to the petition, petitioner filed a state habeas corpus petition on November 26, 2012. The state petition does not affect the timeliness of this action for two reasons. First, the district court dismissed the petition as untimely pursuant to Nev. Rev. Stat. § 34.726. Petitioner has appealed that decision, and the appeal is still pending in the Nevada Supreme Court.[1] If the Nevada Supreme Court affirms the district court, then the state petition was not properly filed within the meaning of § 2244(d)(2) and is ineligible to toll the federal period of limitation. Pace, 544 U.S. at 417. Second, the federal period of limitation had expired more than fifteen years before petitioner filed his state habeas corpus petition. There was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner will need to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] The court takes judicial notice of the Nevada Supreme Court's docket in McGee v. State, No. 62365, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30542 (last visited May 9, 2013).

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action for lack of jurisdiction and for untimeliness. Failure to comply with the court's order will result in the dismissal of this action.

Dated: this 17th day of May, 2013.

ROBERT C. JONES
Chief United States District Judge