# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES COREY MCGEE,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 3:13-cv-00082-RCJ-VPC

**ORDER**

    The court directed petitioner to show cause why his habeas corpus petition should not be dismissed either for lack of jurisdiction or because the petition is untimely. Order (#4). Petitioner has filed a response (#7). The court is not persuaded, and the court dismisses this action.

    The court noted that petitioner was convicted of robbery. The judgment of conviction was entered on April 19, 1988. Petitioner received a suspended sentence of three years in prison and was placed on probation for four years. The court noted that the sentence would have expired more than twenty years before he commenced this action, that petitioner appeared not to be in custody pursuant to that sentence, and that the court appeared to lack jurisdiction. Order, at 1-2 (#4).

    Petitioner argues unpersuasively, and somewhat inconsistently, that he could not have appealed because he received probation, that he was not notified of his right to appeal, that his rights under Nev. Rev. Stat. § 62.060[1] were violated, that counsel was ineffective, and that the statute

---

[1] At the relevant time, this statute allowed the state district court to refer to the juvenile court a case in which a person between 18 and 21 years is accused of a felony or gross misdemeanor. The juvenile court then would investigate the case and determine whether to adjudicate the case in the

governing robbery was vague. None of these arguments address the court's core concern. Petitioner's sentence expired long ago. He is no longer in custody pursuant to that sentence, and custody is required for this court to have jurisdiction. Maleng v. Cook, 490 U.S. 488, 490-92 (1989); 28 U.S.C. §§ 2241(c). The court will dismiss the action for lack of jurisdiction.

The court also noted that the petition appeared untimely. Order, at 2-3 (#4). The court will not address that issue further because it lacks jurisdiction.

Petitioner's request for appointed counsel (#3) is moot because the court is dismissing the action.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. No response is required.

IT IS FURTHER ORDERED that petitioner's request for appointed counsel (#3) is **DENIED** as moot.

IT IS FURTHER ORDERED that this action is **DISMISSED** for lack of jurisdiction. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated this 18th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge

---

juvenile court or to refer the case back to the district court. The statute was repealed in 1997.