# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES COREY MCGEE,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 3:13-cv-00082-RCJ-VPC

**ORDER**

    The court dismissed this habeas corpus action for lack of jurisdiction because petitioner's sentence pursuant to a judgment of conviction of a Nevada state court had expired, and the court declined to issue a certificate of appealability. Order (#9). Petitioner has submitted a motion for a certificate of appealability (#14). He argues that, pursuant to <u>Lackawanna County v. Coss</u>, 532 U.S. 394 (2001), he is able to challenge the validity of his 1988 Nevada state court conviction, even though the sentence has expired, because that conviction has been used to enhance the sentence in a 2002 California state court conviction. Petitioner is not applying <u>Coss</u> correctly. Coss had been convicted of crimes in state court in 1986, and the sentences for those convictions had expired. Coss then was convicted of crimes in state court in 1990, and the sentencing court in that case took his 1986 conviction into account. Coss then filed a federal habeas corpus petition, claiming that the 1986 conviction was the product of ineffective assistance of counsel. The question of custody and jurisdiction arose. The Supreme Court ruled:

> Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions. Coss is, however, currently serving the sentence for his 1990 conviction. Like the respondent in

[Maleng v. Cook, 490 U.S. 488, 490-92 (1989)], Coss' § 2254 petition can be (and has been) construed as "asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction."

Coss, 532 U.S. at 401-02. Coss supports this court's ruling: Petitioner is no longer serving the sentence pursuant to his 1988 Nevada state conviction, and thus petitioner cannot bring a federal habeas corpus petition that challenges directly that 1988 Nevada state conviction. Unlike Coss, this court did not, and cannot, construe the petition as a challenge to his 2002 California state conviction. Petitioner is held in a California prison pursuant to a California judgment of conviction. The correct respondent is the warden of the California Men's Colony, and this court has no jurisdiction over that person. Petitioner needs to pursue his claims in a federal district court in California.[1] See 28 U.S.C. § 2241(d).

Petitioner also argues that United States v. Tucker, 404 U.S. 443 (1972), allows the court to review his expired 1988 Nevada state conviction. However, Tucker was not a challenge to expired convictions; it was, like Coss, a challenge to a conviction that had been enhanced by other, expired convictions.

The central fact is still that petitioner is trying to challenge directly a conviction that has expired long ago. All applicable precedents hold that he cannot do this because his is no longer in custody pursuant to that conviction. Reasonable jurists would not disagree with the court's conclusion.

IT IS THEREFORE ORDERED that petitioner's motion for a certificate of appealability (#14) is **DENIED**.

Dated: May 27, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1] Petitioner did file a habeas corpus petition that challenged the 2002 California judgment of conviction in the United States District Court for the Northern District of California. That court dismissed the petition as untimely. McGee v. Sisto, 3:09-cv-00861-VRW. This court does not comment on either the merits of petitioner's claims or on any applicable procedural defenses to those claims.